UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| Moo & Oink, Inc. | ) | |
| | ) | No. 11 B 34616 |
| Debtor. | ) | |
| Shuntay Antonio Brown | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 A 00265 |
| v. | ) | |
| | ) | |
| Moo & Oink, Inc. | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION DISMISSING COMPLAINT

This matter relates to a five-count adversary complaint brought by Shuntay Antonio Brown against Moo & Oink, Inc. Count I is brought under 11 U.S.C. §§ 548 and 550, alleging a fraudulent transfer from Defendant Moo & Oink to First Midwest Bank, Defendant's secured creditor. Count II is brought under the Illinois Fraudulent Transfer Act and 11 U.S.C. §§ 544 and 550, also alleging fraudulent transfers from Defendant to Moo & Oink. Counts III through IV are brought under 11 U.S.C. § 523 seeking non-dischargeability of debts owed to Defendant's creditors. The Complaint is defective on several grounds.

**Counts III-IV**

Counts III through IV are by separate order dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b) (made applicable in bankruptcy by Fed. R. Bankr. P. 7012(b)). Those counts seek to prevent dischargability of any debts allegedly owed to Plaintiff (under a variety of theories) by Defendant Moo & Oink. However, Defendant is a corporation and is therefore not entitled to a discharge under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 727(a)(1). Section 523 of the Bankruptcy Code prevents a discharge under § 727. But because Defendant cannot and did not receive a discharge under § 727, an action under § 523 has no effect. Therefore, those Counts will be dismissed.

**Count I**

Count I seeks to recover *from* Defendant money transferred to First Midwest Bank. Mr. Brown alleges that Defendant Moo & Oink transferred over $4 million. According to *Collier on Bankruptcy*, avoiding powers under 11 U.S.C. § 548 exist for the benefit of a debtor's estate.[1] It serves to enable increase of creditor dividends by creating or increasing the estate's assets and by avoiding unfairly incurred obligations. Given this goal, the Code restricts who can maintain an action under § 548. This is sometimes referred to as a question of whether there is standing to prosecute the action. Section 548 vests the power to avoid fraudulent transfers in the bankruptcy trustee; it begins by stating that "[t]he *trustee* may avoid . . . ." In Chapter 7 cases, this is the entity appointed under § 701 or § 702. This is a Chapter 7 case and the trustee appointed under § 702 is Michael K. Desmond.

Courts have, in some circumstances, permitted the official creditors' committee or a single creditor acting on behalf of the estate to bring a fraudulent conveyance action. A party other than the trustee must obtain permission from the court before commencing the action. *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990).

A Panel of the Second Circuit, in *Housecraft Indus. USA, Inc. v. Murad (In re Housecraft Indus. USA, Inc.)*, permitted a secured creditor to bring an action under 11 U.S.C. § 548 in a Chapter 11 case. 310 F.3d 64, 70–71 (2d Cir. 2002); *see also* Collier on Bankruptcy P 548.02. In determining whether permission was appropriate, the Panel explained the circumstances warranting such permission. The Opinion recognized that the Code does not explicitly provide for extending standing to bring actions under § 548 to parties other than the trustee. Nevertheless, it extended standing when to do so was in the best interest of the estate in a particular case. In an earlier case, another Second Circuit Opinion held that an unsecured creditors' committee could initiate an adversary proceeding in the name of a debtor-in-possession because the debtor-in-possession unjustifiably refused to bring suit. *Id.* at 70 (citing

---

[1] Because § 548 only effects avoidance of the transaction in question, an estate representative must use § 550(a) to obtain a money judgment to recover any money. That section requires that any recovery be "for the benefit of the estate." Mr. Brown brings his action "on behalf of Debtor's estate and all related entities." He seeks recovery of the money allegedly transferred fraudulently to First Midwest Bank by Defendant-Debtor Moo & Oink for the benefit of its creditors.

*Unsecured Creditors Comm. v. Noyes (In re STN Enter.)*, 779 F.2d 901, 904 (2d Cir. 1985)). Extending this reasoning, the Opinion in *Housecraft* formulated the following test to extend standing to creditors: (1) the [creditor] has the consent of the debtor-in-possession or trustee, and (2) the court finds the suit by the creditor is (a) in the best interest of the bankruptcy estate, and (b) is "necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings." *Id.* at 70 (citing *Commodore Int'l, Ltd. v. Gould (In re Commodore Int'l, Ltd.)*, 262 F.3d 96, 100 (2d Cir. 2001).

In *Fogel v. Zell*, an Opinion of the Seventh Circuit in which a creditor was permitted in a Chapter 7 case to bring a fraudulent conveyance action after that Opinion found the trustee unjustifiably refused to bring the action. 221 F.3d 955, 966 (7th Cir. 2002). In an earlier case, another Opinion of the Seventh Circuit also required that the creditor establish a colorable claim or cause of action. *In re Perkins*, 902 F.2f 1254, 1258 (7th Cir. 1990).

Mr. Brown's Complaint has several problems. First, it is questionable whether Mr. Brown is even a creditor of Moo & Oink. In his Complaint he states, "[t]he Plaintiff Shuntay Antonio Brown is an employee of the Debtor. Shuntay has been an employee of Moo & Oink, Inc. from about 2008 in the position of a butcher in the fish department . . . ." (Complaint ¶ 6) In another proceeding filed by him set for hearing on April 17, 2012, however, Mr. Brown indicates that he was transferred from Moo & Oink to an affiliate of the Debtor, Your Meat Store and More, LLC. (*Brown v. United & Commercial Worker Union Local 1546, et al*, No. 12 A 00406, Dkt. 1, Complaint ¶ 26) In that Complaint against the Union, Mr. Brown indicated that he began employment in 2008 but ceased to be employed by Moo & Oink in November 2010. (*Id.* at ¶ 30) Mr. Brown evidently sought to return to employment with Moo & Oink but it is not clear that he actually did so or was allowed to do so. (*See id.* at ¶ 34) In that Complaint, Mr. Brown alleges he was not paid wages for work he performed for Your Meat Store and More, LLC. In this Complaint against Moo & Oink, Mr. Brown does not state whether or how he is owed anything from Moo & Oink, other than the fact that he was at one time the Defendant's employee.

In addition, Mr. Brown's twenty-one page Complaint against Moo & Oink does not comply with the general rules for pleading under Fed. R. Bankr. P. 7008:

> A pleading that states a claim for relief must contain ... a short and plain statement or the claim showing that the pleader is entitled to relief." Fed.

3

R. Civ. P. 8 (made [*302] applicable here by Fed. R. Bankr. P. 7008 and by the Final Pretrial Order dated Oct. 4, 2010 [Docket. No. 258]). To survive a motion to dismiss made under Rule 12(b)(6) Fed. R. Civ. P. (made applicable here by Fed. R. Bankr. P. 7012(b)), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl.*, 550 U.S. at 556).

Plausibility does not require probability, but does require something "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Bell Atl.*, 550 U.S. at 556). "Plausibility" in this context does not imply [**3] that the district court should decide whose version to believe, or which version is more likely than not. ... [T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen. For cases governed only by Rule 8, it is not necessary to stack up inferences side by side and allow the case to go forward only if the plaintiff's inferences seem more compelling than the opposing inferences. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original).

*In re Olde Prairie Block Owner, LLC*, 441 B.R. 298, 301–02 (Bankr. N.D. Ill. 2010).

In his Complaint, Mr. Brown states that, "[w]ithin two years prior to the Petition Date, the Debtor transferred properties in the amount greater than four million dollars to First Midwest Bank with the intent to hinder, delay or defraud the Debtor's creditors and in furtherance of the fraud being perpetrated by the debtor in connection with this bankruptcy scheme detailed above." (Complaint ¶ 52) It is unclear what scheme Mr. Brown is referring to. He does not describe any particular alleged transfers to First Midwest Bank. He does state that the Bank is or was owed $4 million pursuant to a Loan and Security Agreement. (Complaint ¶ 23) But there are not enough facts alleged to draw any inference as to what occurred that was unlawful in this case. Therefore, Count I will be dismissed for insufficient pleading.

### Count II

Count II of the Complaint is brought under 11 U.S.C. § 544 and the Illinois Uniform Fraudulent Transfer Act. The standing requirement described above applies to this Count as well. *See In re Newcorn Enters.*, 287 B.R. 744, 748–50 (Bankr. E.D. Mo. 2002) (holding standing is

available to creditors suing under § 544 when the trustee is unable or unwilling to pursue claims on behalf of the estate) Similarly, the earlier pleading analysis applies to this Count because Mr. Brown does not provide factual details regarding alleged fraudulent transfers to First Midwest Bank. (Complaint ¶¶ 58–60) Therefore Count II will be dismissed.

### Mr. Brown's Appearance as a Child Support Creditor

Finally, Mr. Brown completed Bankruptcy Form 281, Appearance of Child Support Creditor or Representative. Instructions to that Form explain,

> Section 304(g) of the Bankruptcy Reform Act of 1994 (Public Law No. 103-394) provides: Child support creditors or their representatives shall be permitted to appear and intervene without charge . . . in any bankruptcy case or proceeding in any bankruptcy court or district court of the United States if such creditors or representatives file a form in such court that contains information detailing the child support debt, its status, and other characteristics.

Mr. Brown does not plead facts showing that he is a child support creditor or representative as defined in 11 U.S.C. § 101(12A) or § 523(a)(5) nor does he appear to believe that he is a child support creditor or representative. The form he completed contains "N/A" on each line provided on the form to itemize amounts owed to the preparer. Yet, Mr. Brown signed his name over the following statement: "I certify under penalty of perjury that I am a child support creditor of the above-named debtor . . . ." It can be assumed that Mr. Brown completed Bankruptcy Form 281 to avoid paying fees for filing this and four other adversary cases.

### CONCLUSION

Therefore, this Adversary Proceeding will by separate order be dismissed *sua sponte* with an order that Mr. Brown pay the $293.00 filing fee to the Clerk of Court.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this ___ day of March, 2012.